UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------ X

       :

**H.J.S.A.**,

       :

               Petitioner,

       :   **MEMORANDUM DECISION AND ORDER**

         – against –

       :   26-CV-1793 (AMD)

       :

**LaDeon FRANCIS**, Acting Field Office
Director of New York, Immigration and Customs
Enforcement; **Todd LYONS**, in his official
capacity as the Acting Director of U.S.
Immigration and Customs Enforcement; and
**Markwayne MULLIN**, in his official capacity
as Secretary of the Department of Homeland
Security,

       :

       :

       :

       :

       :

               Respondents.

       :

------------------------------------------------------------------ X

**ANN M. DONNELLY**, United States District Judge:

On February 27, 2026, U.S. Immigration and Customs Enforcement ("ICE") arrested and detained the petitioner while he was driving home from a Walmart in Kearny, New Jersey. (ECF No. 1 ¶ 19.) The petitioner is currently detained in the Metropolitan Detention Center ("MDC") in Brooklyn, New York. (ECF No. 13 at 2.) The petitioner seeks a writ of habeas corpus, pursuant to 28 U.S.C. § 2241. (ECF No. 1.) The Court grants the petition, as explained below.

**BACKGROUND**[1]

On August 9, 2023, the petitioner entered the United States through Mexico after fleeing Venezuela. (ECF No. 1 ¶ 18.) At the border, he promptly sought out Customs and Border Patrol

---

[1] The Court bases the discussion of the facts, which are undisputed unless otherwise noted, on the parties' submissions, including exhibits. *See Hyppolite v. Noem*, No. 25-CV-4304, 2025 WL 2829511, at *2 n.1 (E.D.N.Y. Oct. 6, 2025); *Munoz Materano v. Arteta*, No. 25-CV-6137, 2025 WL 2630826, at *1 n.1 (S.D.N.Y. Sept. 12, 2025).

agents, who issued him a notice to appear for proceedings in immigration court on August 10, 2023. (*Id.*) His master calendar hearing was scheduled for July 21, 2026. (*Id.*) ICE determined that the petitioner was held under 8 U.S.C. § 1226(a) and released him on his own recognizance on August 29, 2023. (*Id.*) The petitioner lived briefly in Colorado and Washington with family members, and then joined his partner in New York City in December 2023. (*Id.* ¶ 19.)

The petitioner has an ongoing and painful infection in his left femur, and was admitted on February 3, 2026 to Maimonides Medical Center, where he had surgery. (*Id.* ¶ 20.) When the petitioner was discharged, he was instructed to take multiple medications, including for pain management; according to his records, he had difficulty walking, bathing, dressing, and running errands alone. (*Id.*) He was told to return in three weeks for a post-operative appointment. (*Id.*) He also scheduled a February 25, 2026 follow-up appointment with the Infectious Disease department. (*Id.*)

On February 27, 2026, the petitioner and his partner were driving home from a Walmart in Kearny, New Jersey, when they heard an ambulance and pulled over to the side of the road. (*Id.* ¶ 19.) ICE agents also stopped their car. (*Id.*) They surrounded the petitioner's car, and kept him and his partner from moving. (*Id.*) The agents released the petitioner's partner because there was no one else to pick up her 5-year-old daughter from school. (*Id.*) However, they took the petitioner into custody. (*Id.*) At first, they took him to Delaney Hall Detention Center in New Jersey; his lawyer thought that he was being held at University Hospital in Newark, New

---

The Court has reviewed all the submissions and finds that the petition "present[s] only issues of law." Accordingly, the Court can decide the petition without a hearing. *See* 28 U.S.C. § 2243 (directing courts to "determine the facts, and dispose" of habeas petitions expeditiously, "as law and justice require"); *see also Tumba Huamani v. Francis*, No. 25-CV-8110, 2025 WL 3079014, at *1 n.1 (S.D.N.Y. Nov. 4, 2025).

Jersey until March 23, 2026. (*Id.* ¶ 21.)[2] On March 23, 2026, the petitioner was transferred to Maimonides Medical Center in Brooklyn, New York, where he had surgery on March 24, 2026. (*Id.*) At the time he filed this petition, he was still recovering at Maimonides Medical Center. (*Id.*) According to his attorney, ICE monitored the petitioner 24 hours a day, seven days a week, and kept his leg shackled to his hospital bed. (*Id.*) ICE did not permit him to communicate with his lawyer or his loved ones. (*Id.*)[3]

On March 26, 2026, the petitioner's counsel filed a petition for habeas relief in this Court, asking for his immediate release. (*Id.*) The next day, the Court ordered the government to show cause why the petition should not be granted. (*ECF Order dated Mar. 27, 2026.*)[4] The government responded to the order to show cause on April 1, 2026. (ECF No. 13.) The petitioner replied on April 2, 2026. (ECF No. 14.)

---

[2] While the petitioner was detained at Delaney Hall, his counsel filed a petition for a writ of habeas corpus in the United States District Court for the District of New Jersey. (ECF No. 1 at 2.) On March 20, 2026, Judge Michael A. Shipp ordered the government not to transfer him out of New Jersey until the court resolved his habeas petition. (*Id.*) However, the government transferred the petitioner to Maimonides Medical Center in Brooklyn, New York. (*Id.*) The petitioner voluntarily dismissed the New Jersey action pursuant to Federal Rule of Civil Procedure 41. (*Id.*)

[3] On March 27, 2026, the petitioner's counsel filed a motion for a temporary restraining order to order the respondents to facilitate a call or visit between the petitioner and his counsel and order the petitioner's release from custody. (ECF No. 8-1 at 8.) At that point, the petitioner had been detained for over a month, and his counsel, who had represented him for over three weeks, had not spoken with him, despite multiple attempts to do so; counsel tried four times through the ERO eFile portal, called the detention center, emailed ICE, and called the medical center where the petitioner was being treated. (ECF No. 8-1 at 4.) While some appointments were scheduled, they were then cancelled. (ECF No. 11.) The Court granted the motion in part on March 31, 2026, and ordered the respondents to facilitate a call or visit immediately between the petitioner and his counsel. (*ECF Order dated Mar. 31, 2026.*) The Court denied the petitioner's request for release from custody, and said it would address this request once the parties briefed the issues raised in the petition. (*Id.*) On April 1, 2026, the respondents advised the Court that a call was scheduled between the petitioner and his counsel for later that day. (ECF No. 12.)

[4] The Court also ordered the government not to remove the petitioner from the United States or transfer him out of the Eastern District of New York during the pendency of these proceedings. (*See ECF Order dated Mar. 27, 2026.*) However, on March 27, 2026, he was transferred back to Delaney Hall from Maimonides Medical Center. (ECF No. 9.) On March 30, 2026, he was transferred from Delaney Hall to the MDC in Brooklyn, where he is currently detained. (ECF No. 11.)

**LEGAL STANDARD**

A district court is authorized to grant a writ of habeas corpus under Section 2241 "whenever a petitioner is 'in custody in violation of the Constitution or law or treaties of the United States.'" *Wang v. Ashcroft*, 320 F.3d 130, 140 (2d Cir. 2003) (quoting 28 U.S.C. § 2241(c)). "Federal courts have jurisdiction to hear habeas corpus claims by non-citizens challenging the constitutionality of their detention." *Lopez v. Sessions*, No. 18-CV-4189, 2018 WL 2932726, at *6 (S.D.N.Y. June 12, 2018) (citing *Denmore v. Kim*, 538 U.S. 510, 516–17 (2003)).

**DISCUSSION**

In seeking a writ of habeas corpus, the petitioner alleges that the mandatory detention provision of 8 U.S.C. § 1225(b)(2)(A) does not apply to people like him, who have already entered and were residing in the United States when they were detained. He also asserts that his detention violates due process because he was determined not to pose a danger or flight risk when he was released on his own recognizance in August 2023, and he did not receive notice or an opportunity to be heard as to whether a change in custody status was warranted. (*See generally* ECF No. 1.)

The Court finds, for the reasons stated in *Ye v. Maldonado*, No. 25-CV-6417, 2025 WL 3521298 (E.D.N.Y. Dec. 8, 2025), and in Judge Hector Gonzalez's decision in *O.F.B. v. Maldonado*, No. 25-CV-6336, 2025 WL 3277677 (E.D.N.Y. Nov. 25, 2025), that the petitioner, who was released on his own recognizance on August 29, 2023, is currently being detained pursuant to 8 U.S.C. § 1226 and in violation of his rights to due process under the Fifth

Amendment of the Constitution.[5]  Furthermore, the Court finds that even if Section 1225 applied to the petitioner's detention, the petitioner was still entitled to due process before the government arrested him and detained him on February 27, 2026.  Under either section of the INA, the government has unlawfully detained the petitioner since February 27, 2026 because it denied him due process.  The "typical remedy" for "unlawful executive detention" is "of course, release." *Munaf v. Green*, 553 U.S. 674, 693 (2008).  The government's ongoing detention of the petitioner, in the face of this complete failure of process, entitles him to immediate release.

Accordingly, the petition for a writ of habeas corpus under 28 U.S.C. §2241 is granted. The government is directed to release the petitioner from custody immediately and within 24 hours of this Order.  The government is further directed to return to the petitioner any and all funds or property seized from the petitioner at the time of arrest.  The government is directed to certify compliance with the Court's Order by filing a letter on the docket no later than 6:00 p.m. on April 3, 2026.  The Court further orders that the petitioner must not be re-detained without notice and an opportunity to be heard at a pre-deprivation bond hearing before a neutral decisionmaker, where the government will have the burden of showing that his detention is authorized under 8 U.S.C. § 1226(a).  The deadline for the petitioner to apply for an award of reasonable fees and costs pursuant to the Equal Access to Justice Act is May 2, 2026.

---

[5] Although the government disagrees with the Court's decision in *Ye* and Judge Gonzalez's decision in *O.F.B.*, it does not dispute that "that if this Court were to apply the reasoning of *Ye* and *O.F.B.* here, those decisions would control the Court's determination of this Petition."  (ECF No. 13 at 2.)

**CONCLUSION**

For these reasons, the petition for a writ of habeas corpus under 28 U.S.C. § 2241, ECF No. 1, is granted. The Clerk of Court is respectfully directed to enter judgment consistent with this Order and close the case.

**SO ORDERED.**

<u>s/Ann M. Donnelly</u>
ANN M. DONNELLY
United States District Judge

Dated: Brooklyn, New York
April 2, 2026